UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES G. ABRAMSKI,
    Plaintiff,

v.

JOHN E. POTTER, POSTMASTER
GENERAL, RAY LEVINSON and JAMES
BROUILLARD,
    Defendants.

CIVIL ACTION NO.
3:05cv224 (SRU)

**RULING AND ORDER**

    James G. Abramski has sued John E. Potter, Postmaster General; Ray Levinson; and James Brouillard under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*.  Abramski principally alleges that the defendants discriminated against him on the basis of his disability by terminating his employment.  The defendants contend that venue is improper and have moved to dismiss, or in the alternative, to transfer.  The defendants' motion to transfer is granted.

**I.    Background**

    The following facts are taken from Abramski's Complaint and the Notice of Final Action, attached to the Complaint.

    Abramski claims he was discriminated against on the basis of a disability when his employment was terminated on August 6, 2002.  His former employer, the United States Postal Service, is subject to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* because it receives federal financial assistance.  See Complaint ¶ 3.

    The action was preceded by the filing of a complaint with the Equal Employment Opportunity Commission (EEOC) on November 25, 2002.  See Notice of Final Action.  In his EEOC filing, Abramski alleged discrimination on the basis of mental disability (bipolar) when he

was removed from his position. Id. Administrative Judge Jeanne M. L. Player, of the EEOC, San Francisco District Office, issued a decision without a hearing granting summary judgment in favor of the Postal Service on September 16, 2004. Id. The Notice of Final Action dated October 26, 2004 adopted the decision of the Administrative Judge. Id. Abramski alleges that the EEOC improperly used information developed at a Postal Service administrative proceeding when deciding his case. See Complaint ¶ 6.

Abramski filed this action in the District of Connecticut. Before his termination, Abramski worked for the Postal Service in the State of California. See Complaint ¶ 2 (noting California residences of supervisors) and Notice of Final Action. At the time this action was filed, Abramski resided in the State of Connecticut. See Complaint ¶ 1. Pursuant to Federal Rule of Civil Procedure 12(b)(3), the defendants have filed a motion to dismiss, or in the alternative, to transfer, for lack of venue under 42 U.S.C. § 2000e-5(f)(3). If the case survives, the defendants also ask that the court dismiss Ray Levison and James Brouillard as individual defendants. Abramski has not opposed the defendants' motion.

**II.     Discussion**

    A.     Standard of Review

When ruling on a Rule 12(b)(3) motion to dismiss for improper venue, "[t]he court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits, and '[w]hen an allegation is so challenged [a] court may examine facts outside the complaint to determine whether venue is proper. The court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.'" Indymac Mortgage Holdings, Inc. v. Reyad, 167 F. Supp. 2d 222, 237 (D. Conn. 2001) (quoting United States Envtl. Prot. Agency v. Port Auth. of

New York & New Jersey, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001)).  Furthermore, because Abramski is proceeding *pro se*, I must construe his complaint liberally, holding it to less stringent standards than a formal pleading drafted by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

The plaintiff bears the burden of showing that venue in the forum is proper.  Reyad, 167 F. Supp. 2d at 237.  If the court determines that venue is improper, it may dismiss or transfer the case to any district in which the case could have been brought.  Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).  The district court has discretion under 28 U.S.C. § 1406(a) to determine whether to dismiss or transfer the action.  Id.

B.  Special Venue Provision of Title VII

The general venue statute provides that an action against the United States may be brought, *inter alia*, where the plaintiff resides.  28 U.S.C. § 1391(e).  That statute, however, does not govern federal employment discrimination actions brought under Title VII of the Civil Rights Act of 1964 or the Rehabilitation Act of 1973.  Instead, the special venue provision of Title VII, set forth at 42 U.S.C. § 2000e-5(f)(3), determines where such actions lie.  Bolar v. Frank, 938 F.2d 377, 378 (2d Cir. 1991).

The special venue provision of Title VII provides:

> an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2005e-5(f)(3).

As the Second Circuit has observed, "[a]lmost uniformly, courts . . . have applied section 2000e-5(f)(3) to determine venue in employment discrimination actions premised on . . . the Rehabilitation Act." Bolar, 938 F.2d at 379. Consequently, this court must determine whether any of the four determining venue factors are met, thereby justifying retaining the case in the District of Connecticut.

I conclude none of the four factors is met. Although the case could be dismissed, under all the circumstances, I exercise my discretion to transfer the action to the Central District of California.

1. *The Alleged Unlawful Employment Practices about Which Abramski Complains Did Not Take Place in the State of Connecticut*

The first prong of the special venue provision of Title VII states that an action may be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). There is no dispute that Plaintiff was employed at the Postal Service in the State of California, and that the alleged unlawful employment practices took place there, not in Connecticut. As a result, the District of Connecticut is not the proper venue under the first prong of 42 U.S.C. § 2000e-5(f)(3).

2. *The Relevant Employment Records are Located in California*

The second prong of the special venue provision of Title VII states that an action may be brought "in the judicial district in which the employment records relevant to such practice are maintained and administered." Id. There is no dispute that the records relating to Abramski's employment with the Postal Service are maintained in California. See Declaration of Gerald S. Sanchez, Manager, Human Resources, Pacific Area, dated May 18, 2005, Government Exhibit 1,

¶ 3. The records, including but not limited to Plaintiff's official personnel file, medical file, supervisor's file and notes, appeal file, any injury compensation file(s), and the EEOC reports of investigation are located at the U.S. Postal Service's Pacific Area Office, 390 Main Street, San Francisco, California.  Id.  Therefore, the relevant employment records are not located in Connecticut, and as a result, the District of Connecticut is not the proper venue under the second prong of 42 U.S.C. § 2000e-5(f)(3).

      3.     *There is No Indication That "But For" Abramski's Removal, He Would Have Worked in Connecticut*

The third prong of the special venue provision of Title VII states that an action may be brought "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).  The Complaint makes no mention of Abramski's desire to work in Connecticut, nor does the Complaint suggest that Abramski would have worked in Connecticut had the Postal Service not engaged in the alleged unlawful employment practices.  See Complaint.  Therefore, the District of Connecticut is not the proper venue under the third prong of 42 U.S.C. § 2000e-5(f)(3).

      4.     *The Fourth Provision of Section 2000e-5(f)(3) is Not Applicable*

The fourth prong of the special venue provision of Title VII states that "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3).  This provision does not authorize venue in the District of Connecticut for two reasons.  First, the respondent can be found in another district, namely, the Central District of California.  Under any of the previous three prongs of the special venue provision of Title VII, venue lies in the Central District of

California.

Second, even if the respondent could not be found within a district under any of the first three prongs of the special venue provision, the District of Connecticut still would not be the proper venue for this action because the respondent does not maintain his principal office in Connecticut. Therefore, venue is not proper in the District of Connecticut under the fourth prong of 42 U.S.C. § 2000e-5(f)(3).

        C.        <u>Dismissal of Ray Levinson and James Brouillard as Individual Defendants</u>

The defendants ask that, if the case survives, the Court dismiss Ray Levinson and James Brouillard as individual defendants. In cases of discrimination in federal government employment, an employee "may file a civil action as provided in 42 U.S.C. § 2000e-5, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). Furthermore, the only proper party defendant in an employment discrimination action involving the United States Postal Service is the Postmaster General. <u>Belton v. U.S. Postal Service</u>, 740 F. Supp. 269, 271 (S.D.N.Y. 1990). Therefore, Ray Levinson and James Brouillard will be dismissed as individual defendants in the present action.

**III.    Conclusion**

The District of Connecticut is not the proper venue under the special venue provisions of Title VII, set forth at 42 U.S.C. § 2000e-5(f)(3), and incorporated into the Rehabilitation Act of 1973, 29 U.S.C. 701 *et seq*. Because venue would be proper in the Central District of California under any of the first three prongs of the special venue provisions, the motion to transfer this action to the District Court for the Central District of California (doc. #14) is GRANTED. Finally, Ray Levinson and James Brouillard are hereby dismissed as individual defendants.

It is so ordered.

Dated at Bridgeport, Connecticut, this 31st day of October 2005.

                                            /s Stefan R. Underhill
                                              Stefan R. Underhill
                                              United States District Judge